**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 08-cv-00518-REB

EVANGELINE GONZALES,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

---

### ORDER AFFIRMING COMMISSIONER

---

**Blackburn, J.**

      The matter before me is plaintiff's **Complaint** [#1], filed March 13, 2008, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff alleges that she is disabled as a result of lower back injury. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on May 5, 2005. Plaintiff received a partially favorable ruling in that she was found to have been entitled to disability insurance benefits between February 10, 2003, and August 16, 2004, but not thereafter. The Appeals Council vacated the decision insofar as it established the termination date and remanded for further proceedings. A second hearing was held for

that purpose on October 11, 2006. At the time of the second hearing, plaintiff was 52 years old. She graduated from high school in special education courses and has past relevant work experience as a certified nurse assistant. She has not engaged in substantial gainful activity since February 10, 2003.

The ALJ found that plaintiff was not disabled after August 16, 2004, because she experienced medical improvement in her impairment related to her ability to work, and therefore that she was not entitled to disability insurance benefits past that date. Although the medical evidence established that plaintiff's lower back injury continued to be a severe impairment after August 16, 2004, the judge concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations.[1] The ALJ found that plaintiff had the residual functional capacity to perform simple, unskilled light work. Although these findings precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national economy that she could perform. He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

---

[1] With regard to a number of other physical and psychological impairments alleged by plaintiff, the judge concluded that none were severe within the meaning of the regulations after August 16, 2004. (Tr. 21-22.) Plaintiff does not challenge any of these determinations in this appeal.

impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

A claimant who has previously been found disabled is subject to periodic review to determine her continuing entitlement to benefits.  ***See*** 20 C.F.R. § 404.1594(a).  The standards for deciding continuing eligibility apply both when benefits are sought to be terminated and when the Commissioner awards a closed period of benefits.  ***Shepherd v. Apfel***, 184 F.3d 1196, 1200 (10th Cir. 1999).  Benefits will be discontinued when there has been medical improvement in the claimant's impairments that is related to the ability to do work.  20 C.F.R. § 404.1594(a).  "Medical improvement" is any decrease in the medical severity of the impairments based on changes in the symptoms, signs, and/or laboratory findings associated therewith.  ***Id***., § 404.1594(b)(1).  Medical improvement is related to the ability to do work if these changes correspond to an increase in the claimant's functional capacity to perform basic work activities.  ***Id***., §§ 404.1594(b)(3) & (b)(4).

The Commissioner has established a seven-step sequential evaluation process for determining whether a claimant who has previously been found disabled has experienced medical improvement related to the ability to do work:

> 1.    The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.

2.  The ALJ must then determine whether the claimant's impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

3.  If the claimant's impairment does not meet or equal a listed impairment, the ALJ must then determine whether there has been any medical improvement in that condition.

4.  If there has been medical improvement, the ALJ must consider whether such improvement is related to the ability to work.

5.  If the ALJ finds that the claimant has experienced medical improvement related to the ability to work, he must then determine whether all current impairments are severe.

6.  If the claimant's remaining impairments are severe, the ALJ must determine whether the claimant can perform her past work despite any limitations.

7.  If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1594(f)(1)-(8). *See also Hayden v. Barnhart*, 374 F.3d 986, 988 (10th Cir. 2004). The Commissioner bears the burden of demonstrating that the claimant has experienced medical improvement such that she now can engage in substantial gainful activity. 20 C.F.R. § 404.1594(b)(5); *Glenn v. Shalala*, 21 F.3d 983, 987 (10th Cir. 1994); *Underwood v. Shalala*, 985 F.Supp. 970, 977 (D. Colo. 1997).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would

accept as adequate to support a conclusion. **Brown**, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. **Id.**

### III. LEGAL ANALYSIS

As noted above, the ALJ determined that plaintiff was disabled from February 10, 2003, through August 16, 2004, but that thereafter, she experienced medical improvement in her ability to do work such that her severe low back impairment was no longer disabling. The choice of this ending date was based on the opinion of the surgeon who performed plaintiff's lower back disc fusion surgery, Dr. Kenneth Kurica, who found that plaintiff had reached maximum medical improvement and released her to full activities as of that date. (**See** Tr. 23-24, 606.) However, plaintiff's treating physician, Dr. Dwight Caughfield, opined on February 6, 2005, that plaintiff was limited to lifting less than ten pounds frequently, could stand or walk six hours in an eight-hour day but required the ability to sit and stand as necessary, could push and pull no more than forty pounds occasionally, and had other postural and manipulative limitations. (Tr. 291-293.) Plaintiff argues that the ALJ should have accepted this opinion, which in turn would have led to a finding that she is disabled. Because the medical evidence of record as a whole provides substantial evidence for the ALJ's contrary conclusion, I

affirm.

The opinion of a treating source as to the nature and severity of a claimant's impairment is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). By contrast, treating source opinions are not afforded any special significance or controlling weight in the determination of issues reserved to the Commissioner, such as residual functional capacity. *See* 20 C.F.R. § 404.1527(e); *Sosa v. Barnhart*, 2003 WL 21436102 at *5 (D. Kan. April 10, 2003), *adopted*, 2003 WL 21428384 (D. Kan. Jun. 17, 2003). Nevertheless, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." **Social Security Ruling 96-8p**, 1996 WL 374184 at *7 (SSA July 2, 1996).

In this case, the ALJ considered Dr. Caughfield's February, 2005, assessment but found that it was inconsistent with the doctor's own treatment notes and the objective medical and other evidence of record. (Tr. 26.) This conclusion is clearly supported by the record. In September, 2004, shortly after Dr. Kurica concluded that plaintiff had reached maximum medical improvement and released her to work, Dr. Caughfield referred her for a functional capacity evaluation with an occupational therapist, Steve Briansky. Briansky determined that plaintiff's capacity to lift was largely consistent with light work and that she could sit continually throughout an eight-hour work day and stand and walk frequently, up to 20 minutes at a time and 40 minutes total

in an hour, with the option to change positions every 45 to 60 minutes. (Tr. 866.)[2] Dr. Caughfield subsequently reviewed the evaluation and stated "I believe it is consistent with her history of injury and her presentation during her visits to my office. I am recommending that she [be] placed on permanent restrictions per the [evaluation]." (Tr. 882.) Although Dr. Caughfield subsequently prescribed much more limited functionality in February, 2005, there is nothing in the record to indicate that plaintiff's condition deteriorated or changed significantly in the intervening four months. I can find no reversible error in the ALJ's decision to discredit this latter opinion, nor in his ultimate assessment of plaintiff's residual functional capacity.[3]

THEREFORE IT IS ORDERED that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated February 19, 2009, at Denver, Colorado.

BY THE COURT:

Bob Blackburn

Robert E. Blackburn
United States District Judge

---

[2] This evaluation, and Dr. Caughfield's apparent acceptance of its conclusions, belies plaintiff's argument that the ALJ's residual functional capacity determination is supported solely by the opinion of a non-examining consultative physician.

[3] Although plaintiff also alleges that the Commissioner failed to meet his burden at step 5 of the sequential evaluation to demonstrate that the alternative jobs plaintiff could perform existed in significant numbers, this argument is completely undeveloped. **See Bevan v. Smartt**, 316 F.Supp.2d 1153, 1162 n.12 (D. Utah 2004) (arguments not adequately briefed need not be considered). Moreover, it is plainly wrong, as the vocational expert identified significant numbers in the Colorado and national economies of all three jobs she identified. (Tr. 1011-1012.) **See Trimiar v. Sullivan**, 966 F.2d 1326, 1330 (10th Cir. 1992) (declining to adopt a bright-line rule regarding what constitutes a significant number of jobs, but identifying factors that ALJ may properly consider in making determination and holding that "[t]he decision should ultimately be left to the [ALJ's] common sense in weighing the statutory language as applied to a particular claimant's factual situation") (citation, internal quotation marks, and footnote omitted; second alteration in **Trimiar**); **see also Stokes v. Astrue**, 274 Fed. Appx. 675, 684 (10th Cir. 2008) (aggregating total numbers across two jobs identified by vocational expert).